**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JESSE ROSENFELD, | ) | NO. CV 16-2629-DOC(E) |
| Plaintiff, | ) | |
| v. | ) | ORDER FOR SUMMARY REMAND |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| Defendant. | ) | |

On March 21, 2016, Plaintiff filed a "Petition Requesting Removal Pursuant to 28 U.S.C. § 1443." On March 23, 2016, Plaintiff filed a superseding "First Amended Petition Requesting Removal Pursuant to 28 U.S.C. § 1443." The matter initially was filed as a criminal case and given a criminal case number. On April 15, 2016, United States District Judge Fernando M. Oguin issued a Minute Order stating that the case should have been filed as a civil rights case and directing the Clerk of the Court to close the criminal case and to open a new civil case with a civil rights designation code.

///

///

1	Plaintiff purports to remove his pending state court criminal
2	case or cases to this Court pursuant to 28 U.S.C. section 1443.  The
3	titles of the Petition and First Amended Petition contain two Los
4	Angeles Superior Court case numbers: LA082433 and LA082260.  It is
5	unclear whether Plaintiff seeks in this action to remove one or both
6	state court cases.

8	Plaintiff also filed a Petition and First Amended Petition in CV
9	16-2630-DOC(E) which appear identical to those in the present action,
10	except that in the titles of the Petition and First Amended Petition
11	in CV 16-2630-DOC(E) Plaintiff circled case number LA082260.  Again,
12	it is unclear whether Plaintiff seeks in case number CV 16-2630-DOC(E)
13	to remove one or both of the state court cases.

15	In any event, the purported removal of the state court action or
16	actions is procedurally and substantively infirm.  Accordingly, a
17	summary remand is appropriate.  See 28 U.S.C. § 1455(b)(4).

19	First, Plaintiff failed to append to his purported petition for
20	removal copies of all state court pleadings and orders as required by
21	28 U.S.C. section 1455(a).  Second, it appears from the state court
22	dockets in the subject state court criminal cases that Plaintiff was
23	arraigned in those cases on December 15, 2015 (in case number
24	///
25	///
26	///
27	///
28	///

LA082260) and December 22, 2015 (in case number LA082433).[1] Plaintiff did not file his petition for removal within thirty (30) days of his arraignment as required by 28 U.S.C. section 1455(b)(1).

Third, and in any event, removal under 28 U.S.C. section 1443 is unavailable to Plaintiff. Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

///
///

---

[1] The Court takes judicial notice of the dockets in People v. Rosenfeld, Los Angeles County Superior Court case number LA082260 and People v. Rosenfeld, Los Angeles County Superior Court case number LA082433, available on the California courts' website at www.courts.ca.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

1   A notice of removal pursuant to section 1443(1) must satisfy a
2 two-part test.  The notice must assert: (1) "as a defense to the
3 prosecution, rights that are given to [the defendant] by explicit
4 statutory enactment protecting equal racial civil rights"; and
5 (2) that such rights cannot be enforced because of "a state statute or
6 a constitutional provision that purports to command the state courts
7 to ignore federal rights."  <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996,
8 998-99 (9th Cir. 2006) (citing, <u>inter alia</u>, <u>Georgia v. Rachel</u>, 384
9 U.S. 780, 788-92 (1966), and <u>City of Greenwood, Miss. v. Peacock</u>, 384
10 U.S. 808, 824-25 (1966); internal quotations omitted).  Plaintiff
11 alleges no facts showing that removal under these standards is
12 authorized under section 1443(1).
13
14   Section 1443(2) authorizes removal only if the defendant is a
15 state or federal officer or a person assisting such an officer.  <u>ASAP
16 Copy and Print v. Canon Bus. Solutions, Inc.</u>, ___ Fed. App'x ___, 2016
17 WL 1105447, at *1 (9th Cir. Mar. 22, 2016) (citing <u>City of Greenwood,
18 Miss. v. Peacock</u>, 384 U.S. at 815, 824 n.22).  Plaintiff is not a
19 federal or state officer or a person assisting such an officer.
20
21   For all of the foregoing reasons, the "First Amended Petition
22 Requesting Removal Pursuant to 28 U.S.C. § 1443" is denied with
23 prejudice, removal of the state prosecution against Plaintiff is
24 ///
25 ///
26 ///
27 ///
28 ///

4

1 disallowed and the matter is remanded summarily to state court. <u>See</u>
2 28 U.S.C. § 1455(b)(4).

4  LET JUDGMENT BE ENTERED ACCORDINGLY.

6  DATED: April 20, 2016.

*/s/ David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

11 Presented this 19th
12 day of April, 2016, by:

14  /S/
CHARLES F. EICK
15 UNITED STATES MAGISTRATE JUDGE

5